**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

CHANEL, INC.,

       Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

_____Defendants._____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Chanel, Inc. ("Plaintiff" or "Chanel"), hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Chanel's trademarks within this district through various Internet based e-commerce stores using the seller identities set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, Chanel alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Chanel's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

1

2.      Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, through at least the Internet based e-commerce stores accessible in Florida and operating under their Seller IDs.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, and/or selling infringing products to consumers in Florida.

## THE PLAINTIFF

4.      Chanel is a corporation organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this district. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, as discussed in Paragraph 14 below, and identified in Schedule "B" hereto. Chanel offers for sale and sells its trademarked goods within the State of Florida, including this district. Defendants, through the sale and offering for sale of counterfeit and infringing Chanel branded products, are directly, and unfairly, competing with Chanel's economic interests in the State of Florida and causing Chanel harm within this jurisdiction.

5.      Like many other famous trademark owners in the luxury goods market, Chanel suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and

counterfeit Chanel's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Chanel name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.      In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Chanel expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The recent explosion of counterfeiting over the Internet has created an environment that requires companies, such as Chanel, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to Chanel's brand.

## THE DEFENDANTS

7.      Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district, and conduct pervasive business through the operation of, at least, one fully interactive commercial Internet based e-commerce store via, at least, the Internet marketplace website, Amazon.com, under the Seller IDs.

8.     Defendants are the past and present controlling forces behind the sale of products bearing counterfeits and infringements of Chanel's trademarks as described herein using at least the Seller IDs.

9.     Upon information and belief, Defendants directly engage in unfair competition with Chanel by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Chanel's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names or seller identification aliases not yet known to Chanel. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Chanel-branded goods into the State.

10.     Defendants have registered, established or purchased, and maintained their Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they sell during the registration or maintenance process related to their respective Seller IDs. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

11.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of Chanel's trademarks unless preliminarily and permanently enjoined.

12.    Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Chanel and others.

13.    Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing Chanel's trademarks, are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Chanel. Moreover, Defendants are using Chanel's famous brand name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Chanel's legitimate marketplace and intellectual property rights at Chanel's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

14.    Chanel is the owner of all rights in and to the trademarks identified on Schedule "B" hereto (collectively, the "Chanel Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The Chanel Marks are used in connection with the manufacture and distribution of high quality goods in the categories also identified on Schedule "B." True and correct copies of the Certificates of Registration for the Chanel Marks are attached hereto as Composite Exhibit "1."

15.    The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality goods for an extended period of time.

16.     The Chanel Marks have been used by Chanel long prior in time to Defendants' use of copies of those Marks. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

17.     The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned. Chanel has carefully monitored and policed the use of the Chanel Marks.

18.     The Chanel Marks are well-known and famous and have been for many years. Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

19.     Further, Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high quality luxury goods. Chanel has spent millions of dollars promoting the Chanel Marks and products bearing the Chanel Marks. In recent years, annual sales of products bearing the Chanel Marks have totaled in the hundreds of millions of dollars within the United States.

20.     As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing or sold under the Chanel Marks, as being high quality luxury goods sponsored and approved by Chanel.

21.     Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality luxury goods.

22.     Genuine Chanel branded goods bearing the Chanel Marks are widely legitimately advertised and promoted by Chanel, its authorized distributors, and unrelated third parties via the Internet. Over the course of the past ten years, visibility on the Internet, particularly via Internet

search engines such as Google, Yahoo!, and Bing has become increasingly important to Chanel's overall marketing and consumer education efforts. Thus, Chanel expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Chanel and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Chanel brand and the goods sold thereunder.

**Defendants' Infringing Activities**

23.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods, including handbags, tops, brooches, cases for telephones, protective covers for portable electronic devices, including cell phones, and costume jewelry, including earrings in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of the Chanel Marks (the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the Seller IDs. Specifically, upon information and belief, Defendants are using identical copies of the Chanel Marks for different quality goods. Chanel has used the Chanel Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Chanel's merchandise.

24.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Chanel's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Chanel despite Defendants' knowledge that they are without authority to use the Chanel Marks. The net effect of Defendants' actions will cause confusion of consumers, at

the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Chanel.

25.     Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on, at least, one Internet marketplace website using, at least, the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully use the Chanel Marks without Chanel's permission. Indeed, Defendants herein misappropriated Chanel's advertising ideas and methods of doing business with regard to the advertisement and sale of Chanel's genuine goods. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks is the proximate cause of damage to Chanel.

26.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing and benefitting from substantially similar, paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Chanel Marks. Specifically, Defendants are using counterfeits and infringements of Chanel's famous name and the Chanel Marks in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Chanel's genuine goods. Defendants are causing concurrent and indivisible harm to Chanel and the consuming public by (i) depriving Chanel and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Chanel's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Chanel Marks, and (iii) increasing Chanel's overall cost to market its goods and educate consumers about its brand via the Internet.

27.    Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit.

28.    Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29.    Defendants' use of the Chanel Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

30.    Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on Chanel's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

31.    Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and Defendants' Counterfeit Goods, which there is not.

32.    Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Chanel.

33.     Chanel has no adequate remedy at law.

34.     Chanel is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Chanel Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

35.     The harm and damages sustained by Chanel have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

36.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

37.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

38.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and/or infringements of one or more of the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote, sell and /or offer to sell counterfeit and infringing goods.

39.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

40.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Chanel and are unjustly enriching Defendants with profits at Chanel's expense.

41.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     Chanel has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

43.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

44.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the Chanel Marks have been widely advertised and offered for sale throughout the United States via at least one Internet marketplace website.

45.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the Chanel Marks are virtually identical in appearance to Chanel's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

46.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and

11

false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Chanel's detriment.

47.     Defendants have authorized infringing uses of the Chanel Marks, in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

48.     Additionally, Defendants are using counterfeits and infringements of the Chanel Marks in order to unfairly compete with Chanel and others for space within search engine organic results, thereby jointly depriving Chanel of a valuable marketing and educational tool which would otherwise be available to Chanel and reducing the visibility of Chanel's genuine goods on the World Wide Web.

49.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Chanel has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Chanel will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

**<u>COUNT III - COMMON LAW UNFAIR COMPETITION</u>**

51.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

52.     This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale, of goods bearing marks that are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Florida's common law of unfair competition.

53.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing counterfeits and infringements of the Chanel Marks. Defendants are also using counterfeits and infringements of the Chanel Marks to unfairly compete with Chanel and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

54.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

55.     Chanel has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

### COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

56.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

57.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Chanel Marks.  Chanel is the owner of all common law rights in and to the Chanel Marks.

58.     Specifically, Defendants, upon information and belief, are promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Chanel Marks.

59.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

60.     Chanel has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

61.     WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the

trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Chanel's name or trademarks; and from otherwise unfairly competing with Chanel.

b.       Entry of an Order requiring the Seller IDs, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Chanel Marks be disabled by the applicable governing Internet marketplace website.

c.       Entry of an Order that, upon Chanel's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to Amazon.com, Inc., permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Chanel Marks via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the Amazon Standard Identification Numbers ("ASIN") on Schedule "C" annexed hereto, and any other listings and images of goods bearing counterfeits and/or infringements of the Chanel Marks associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants

to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Chanel Marks.

        d.     Entry of an Order that, upon Chanel's request, any Internet marketplace website operators and/or administrators, including but not limited to Amazon.com, Inc., who are provided with notice of the injunction, immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of the Chanel Marks in its inventory, possession, custody, or control, and surrender those goods to Chanel.

        e.     Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. § 1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

        f.     Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

        g.     Entry of an Order that, upon Chanel's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc., PayPal, Inc., and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer

funds into the same financial institution account(s), to be surrendered to Chanel in partial satisfaction of the monetary judgment entered herein.

        h.    Entry of an award of pre-judgment interest on the judgment amount.

        i.    Entry of an Order for any further relief as the Court may deem just and proper.

DATED: August 8, 2017.        Respectfully submitted,

        STEPHEN M. GAFFIGAN, P.A.

        By: **s/Stephen M. Gaffigan**
        Stephen M. Gaffigan (Fla. Bar No. 025844)
        Virgilio Gigante (Fla. Bar No. 082635)
        T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
        401 East Las Olas Blvd., #130-453
        Ft. Lauderdale, Florida 33301
        Telephone: (954) 767-4819
        Facsimile: (954) 767-4821
        E-mail: stephen@smgpa.net
        E-mail: leo@smgpa.net
        E-mail: Raquel@smgpa.net

        Attorneys for Plaintiff, CHANEL, INC.

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SELLER ID

| Defendant Number | Defendant / Seller ID | Amazon Seller ID No. |
|---|---|---|
| 1 | Christine Paces | ATNFN4AF0FD0G |
| 2 | Daniel Vasquez | A3UVZOOF97KLEZ |
| 3 | Danny Jacobson CO | A1TUES2RZORHJP |
| 4 | EMMETT DORRIETY | A1ANKGOOE21ALX |
| 5 | HAI NING TONG XUN | A3BVDM14N5SR2T |
| 5 | HANIOXU | A3BVDM14N5SR2T |
| 6 | MCN WIAD | A262SXEYEKU0W9 |
| 7 | MWO OPQ | A22CEMBXX5ML8W |
| 8 | Nicole Schindleryy | A3VE9NW24YHREW |
| 9 | Pioneer Game | A114SXR8L5NKGF |
| 10 | rwgwhwg74875 | A2Z8GVQE1BYP12 |
| 11 | Sally Gaines | A10TFHXIDB5PYH |
| 12 | TarangoCararta | A1Q3EXZ3IR83KJ |
| 13 | THOMAS barnhill | A2QZ245IT9PIRA |
| 14 | trudy walkley | A2M9U6EITW326Z |
| 15 | Valentine Hansen | A3TVVGO5NAC1OV |
| 16 | wangsu | A3SXLF25BYI1IM |
| 17 | William's general shop | AKATDIPRD11YW |

**SCHEDULE "B"**
**PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
|  | 1,314,511 | January 15, 1985 | (Int'l Class: 18) Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | (Int'l Class: 18) Leather Goods-namely, Handbags |
|  | 1,501,898 | August 30, 1988 | (Int'l Class: 6) Keychains<br>(Int'l Class: 14) Costume jewelry<br>(Int'l Class: 16) Gift wrapping paper<br>(Int'l Class: 25) Blouses, shoes, belts, scarves, jackets, men's ties<br>(Int'l Class: 26) Brooches, buttons for clothing |
| CHANEL | 3,890,159 | December 14, 2010 | (Int'l Class: 9) Cases for telephones<br>(Int'l Class: 18) Key cases |
|  | 4,074,269 | December 20, 2011 | (Int'l Class: 9) Protective covers for portable electronic devices, handheld digital devices, personal computers and cell phones<br>(Int'l Class: 18) Key cases |
|  | 4,241,822 | November 13, 2012 | (Int'l Class: 25) Clothing; namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, beach cover-ups, hats, sun visors, scarves, shawls, ties, gloves, footwear, hosiery and socks |

**SCHEDULE "C"**
**AMAZON STANDARD IDENTIFICATION NUMBERS ("ASIN") BY DEFENDANT**

| Def. No. | Defendant / Seller ID | Amazon Seller ID No. | Infringing Item's ASIN |
|---|---|---|---|
| 1 | Christine Paces | ATNFN4AF0FD0G | B014A0MVO8<br>B01ERD063G<br>B01ERD0GFO<br>B01ERD01JK<br>B01ERCZYRK<br>B01ERD0W2Q<br>B01ERD0TSI |
| 2 | Daniel Vasquez | A3UVZOOF97KLEZ | B071JNK17L<br>B06ZYDLQHV<br>B071WSQ558<br>B0728LDCY7<br>B06ZZP7W3J |
| 3 | Danny Jacobson CO | A1TUES2RZORHJP | B014A0N124<br>B014A0MS2I<br>B014A0MTO0<br>B014A0MVX4<br>B014A0JXWQ<br>B014A0K122<br>B014A0K2OE<br>B014A0K456<br>B014A0K5QY<br>B014A0K79E<br>B014A0K8VQ<br>B014A0KAIC<br>B014A0KBWC<br>B014A0KD4S<br>B014A0KEME<br>B014A0KG9A<br>B014A0KHPS<br>B014A0KJJC<br>B014A0KL4U<br>B014A0KQ6S<br>B014A0KRWG<br>B014A0KTI8 |
| 4 | EMMETT DORRIETY | A1ANKGOOE21ALX | B014A0KJJC |
| 5 | HAI NING TONG XUN<br>HANIOXU | A3BVDM14N5SR2T | B014QP123S |
| 6 | MCN WIAD | A262SXEYEKU0W9 | B014QP123S |
| 7 | MWO OPQ | A22CEMBXX5ML8W | B014QP123S |

| 8 | Nicole Schindleryy | A3VE9NW24YHREW | B01CB7ML24 |
|---|---|---|---|
| 9 | Pioneer Game | A114SXR8L5NKGF | B01J15GH3I<br>B01IXXKQZY<br>B01J15G332 |
| 10 | rwgwhwg74875 | A2Z8GVQE1BYP12 | B015IWFTDW<br>B015IWEOE2<br>B015IWEX2A<br>B015IWEZLO<br>B015IWF2HA<br>B015IWF4MS<br>B015IWF7D4<br>B015IWFLR6<br>B015IWFNOM<br>B015IWFVXU<br>B015IWFXYW<br>B015IWG616<br>B015IWG85K<br>B015IWGDA0<br>B015IWGGS4<br>B015IWGKLM<br>B015IWGMT2 |
| 11 | Sally Gaines | A10TFHXIDB5PYH | B06XCSB91H<br>B01A15YHPM |
| 12 | TarangoCararta | A1Q3EXZ3IR83KJ | B014A0MVX4<br>B014A0N124<br>B014A0KJJC |
| 13 | THOMAS barnhill | A2QZ245IT9PIRA | B015IWEX2A<br>B015IWEOE2<br>B015IWEQMM<br>B015IWFTDW |
| 14 | trudy walkley | A2M9U6EITW326Z | B014QP123S<br>B014QP1526 |
| 15 | Valentine Hansen | A3TVVGO5NAC1OV | B014A0N124<br>B014A0MVX4<br>B014A0KJJC |

| | | | |
|---|---|---|---|
| 16 | wangsu | A3SXLF25BYI1IM | B014A0N124<br>B01AW3YFP0<br>B01ERD0R8U<br>B01ERD063G<br>B01ERD0YNI<br>B01ERD08NO<br>B01ERD0LQI<br>B01ERD01JK<br>B01ERCZYRK<br>B01ERD0P3C<br>B014A0KQ6S<br>B014A0KJJC<br>B014A0MVX4<br>B014A0MTO0 |
| 17 | William's general shop | AKATDIPRD11YW | B014A0MVX4 |